**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NESTOR MILANES,<br><br>                 Plaintiff,<br><br>      v.<br><br>JOHN POWELL, et al.,<br><br>                 Defendants. | Civil Action No. 22-2225 (KMW) (MJS)<br><br>**MEMORANDUM -OPINION** |

**WILLIAMS**, District Judge:

      This matter comes before the Court on Defendants' motion seeking summary judgment in this prisoner civil rights matter. (ECF No. 73.) By way of background, in Plaintiff's operative amended complaint in this matter, Petitioner asserted two claims: an Eighth Amendment excessive force claim raised against Defendants raised pursuant to 42 U.S.C. § 1983, and a state law assault and battery claim against Defendants. (*See* ECF No. 61.) Both claims arose out of a confrontation between Plaintiff and Defendant Gould which occurred in April 2020. (*Id.* at 2.)

      Defendants filed their summary judgment motion on April 11, 2025. (ECF No. 73.) In their motion and statement of material facts, Defendants essentially contended that Plaintiff was responsible for the confrontation between himself and Gould, goading Gould into a fight, and thereafter pummeling Gould after Gould pushed Plaintiff away after a verbal spat. (*See* ECF no. 73-2 at 2-4.) Defendants therefore argued that, because Plaintiff was responsible for starting the confrontation and in escalating it into violence, the force used against him to restore order was reasonable and not maliciously deployed, and that Plaintiff therefore could not make out his

excessive force claim. (ECF No. 73-3 at 11-19.) Defendants also argued that they were entitled to qualified immunity and entitled to summary judgment for that reason as well. (*Id.*)

In lieu of opposition, Plaintiff filed with this Court a letter. (ECF No. 76.) In that letter, Plaintiff concedes that his "federal claims do not have merit; [and he therefore does] not object to their dismissal." (*Id.*) Thus, Plaintiff's letter concedes that Defendants are entitled to summary judgment as to his federal claims, and, in not opposing Defendants' statement of material facts, admits to their statement of facts for the purposes of the currently pending motion. *See* L. Civ. R. 56.1(a).

Pursuant to Rule 56, a court should grant a motion for summary judgment where the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of "identifying those portions of the pleadings depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A factual dispute is material "if it bears on an essential element of the plaintiff's claim," and is genuine if "a reasonable jury could find in favor of the non-moving party." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). In deciding a motion for summary judgment a district court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion," *id.*, but must not make credibility determinations or engage in any weighing of the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, [however,] there is no genuine issue for trial." *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party has met this initial burden, the burden shifts to the non-moving party who must provide evidence sufficient to establish that a reasonable jury could find in the non-moving party's favor to warrant the denial of a summary judgment motion. *Lawrence v. Nat'l Westminster Bank New Jersey*, 98 F.3d 61, 65 (3d Cir. 1996); *Serodio v. Rutgers*, 27 F. Supp. 3d 546, 550 (D.N.J. 2014).

> "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial. However, the party opposing the motion for summary judgment cannot rest on mere allegations, instead it must present actual evidence that creates a genuine issue as to a material fact for trial."

*Serodio*, 27 F. Supp. 3d at 550.

In this matter, the parties are in agreement that Plaintiff's federal civil rights claims are without merit and that Plaintiff cannot show that Defendants infringed his Eighth Amendment rights in light of the evidence that Plaintiff instigated the confrontation between himself and Gould, and that the force used against Plaintiff was in response to his brutally attacking Gould following a verbal disagreement and Gould pushing Plaintiff away. Having reviewed the facts presented in Defendants' motion, and having considered Plaintiff's concessions, this Court finds that Defendants are entitled to summary judgment as to all of Plaintiff's federal claims as Plaintiff concedes that Defendants did not use excessive force against him and the facts presented support that concession. *See, e.g., Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (Eighth Amendment excessive force claim requires that Plaintiff show that force was not used against him in a good faith effort to restore order but was instead used "maliciously or sadistically to cause harm"). Defendants' motion shall therefore be granted as to Plaintiff's federal excessive force claims, and judgment shall be entered in favor of all Defendants as to Plaintiff's federal claims.

Because this Court will enter judgment in favor of all Defendants as to Plaintiff's federal claims, the Court is left with Plaintiff's state law assault and battery claims. Pursuant to 28 U.S.C.

§ 1367(c)(3), where a district court dismisses all claims over which it has original jurisdiction, the court "may decline to exercise supplemental jurisdiction" over any pendent state law claims. The Third Circuit has long held that where all federal claims are "dismissed before trial, the district court *must* decline to decide the pendent state claims" absent sufficient affirmative justification for doing otherwise. *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000). As this Court will enter judgment in favor of Defendants as to all of Plaintiff's federal claims, this Court therefore must decline supplemental jurisdiction over Plaintiff's state law assault and battery claims. Those claims are therefore dismissed without prejudice at this time.[1]

In conclusion, Defendants' motion seeking summary judgment (ECF No. 73) is granted as to Plaintiff's federal claims, judgment shall be entered in favor of all Defendants as to Plaintiff's federal claims, and Plaintiff's state law claims are dismissed without prejudice at this time as this Court declines supplemental jurisdiction over those claims. An appropriate order follows.

Hon. Karen M. Williams,
United States District Judge

---

[1] To the extent Plaintiff wishes to pursue those claims, he may do so by filing a complaint in state court. Pursuant to 28 U.S.C. § 1367(d), the limitation period for Plaintiff's state law claims is deemed tolled for the time it was pending in this Court and for thirty days after the dismissal of this matter.